UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARRY SMITH,

            Petitioner,

   v.                                                Case No. 17-cv-434-pp

WARDEN PAUL KEMPER,

            Defendant.

---

**ORDER DENYING MOTION TO HOLD ISSUE IN ABEYANCE (DKT. NO. 4), DENYING AMENDED PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 5), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

---

On March 24, 2017, petitioner Larry Smith filed a seventeen-page petition for writ of *habeas corpus*, challenging his January 14, 2005 conviction on one count of first-degree sexual assault, use of a dangerous weapon. Dkt. No. 1. Because the petitioner did not file on the form required by Civil Local Rule 9(a)(1) (E.D. Wis.), the court ordered him to refile his petition (on the proper form) by June 30, 2017. Dkt. No. 3. The court did not receive the amended petition until July 5, 2017. Dkt. No. 5. On that same date, the court also received the plaintiff's "motion to hold issues in abeyance." Dkt. No. 4. In the motion, the petitioner asserted that "each issue has not been fully exhausted concerning his 2005 judgment of conviction and the petitioner

would like to go back to the state court's to properly exhaust all of his claims."[1] Id. The court denies that motion, and dismisses the petition for failure to exhaust.

## I. Standard Governing *Habeas* Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of a *habeas corpus* petition, and to dismiss a petition where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." At this early stage, the court reviews the petition (and any exhibits attached to it) to determine whether the petitioner has stated constitutional or federal law claims that are cognizable on *habeas* review, whether he has exhausted his claims in the state court system, and whether he has procedurally defaulted.

## II. History of the Case

In his amended petition, the petitioner states that he "pled not guilty to first degree sexual assault while armed" but "pled guilty to having sex (consential) [sic] with the victim of the home invasion in course of armed robbery." Dkt. No. 5 at 2. The public docket for the petitioner's state court case, however, shows that the petitioner pled guilty to first degree sexual assault/use of a dangerous weapon in violation of Wis. Stat. §940.225(1)(b).

---

[1] On November 17, 2017, the clerk's office received a letter from the plaintiff, thanking the clerk's office for "receiving" his amended petition (which he appears to believe arrived in the clerk's office on March 24, 2017), and asking that the clerk's office "proceed before the judge with" his petition. Dkt. No. 6. It is not clear whether the petitioner wrote this letter because he changed his mind about asking the court to stay proceedings, or whether he just wanted to remind the court that he'd filed some documents.

2

State v. Smith, Milwaukee County Circuit Court, Case No. 04CF002710 (available electronically at https://wcca.wicourts.gov). On January 13, 2005, the circuit court judge sentenced the petitioner serve an indeterminate term of no more than thirty years in prison (with credit for 232 days already served). Id.

The petitioner filed a notice of appeal on July 29, 2005. State v. Smith, Wisconsin Court of Appeals, Case No. 2005AP001929 (available electronically at https://wscca.wicourts.gov). His counsel filed a brief and appendix on November 10, 2005, id.; the plaintiff indicates that his attorney filed a "no merit report," dkt. no. 5 at 3. On April 12, 2006, the Wisconsin Court of Appeals affirmed the conviction in a three-page, summary disposition. State v. Smith, Wisconsin Court of Appeals, Case No. 2005AP001929 (available electronically at https://wcca.wicourts.gov). On August 31, 2006, the Wisconsin Supreme Court denied his petition for review. Id.

The petitioner reports that on October 27, 2009, he filed a post-conviction motion under Wis. Stat. §974.06. Dkt. No. 5 at 4; Smith, Milwaukee County Circuit Court, Case No. 04CF002710 (available electronically at https://wscca.wicourts.gov). The petitioner says that in that motion, he raised the following issues: that his post-conviction/appellate counsel provided ineffective assistance of counsel, "withdrawal of guilty plea" and "*ex post* facto violation within the charges of first degree sexual assault while armed." Dkt.

3

No. 5 at 4. The court denied his motion on November 9, 2009.[2] Smith, Milwaukee County Circuit Court, Case No. 04CF002710 (available electronically at https://wcca.wicourts.gov). The petitioner did not appeal that decision.

Four and a half years later, on April 7, 2014, the petitioner filed a petition for *habeas corpus* in the Wisconsin Court of Appeals. Smith v. Humphreys, Wisconsin Court of Appeals, Case No. 2014AP000746 (available electronically at https://wscca.wicourts.gov). The petitioner indicates that he filed this petition under State v. Knight, 168 Wis.2d 509 (Wis. 1992), arguing "ineffective appellate counsel, guilty plea not knowing or voluntarily entered, plea colloquy defective, prosecution and trial court failed to find factual basis for plea." Dkt. No. 5 at 5. The Wisconsin Court of Appeals denied that petition on February 20, 2015. Smith v. Humphreys, Wisconsin Court of Appeals, Case No. 2014AP000746 (available electronically at https://wscca.wicourts.gov). The petitioner not appeal that decision. Id.

Two years later, on March 24, 2017, the court received the original *habeas* petition here in federal court. Dkt. No. 1. The court received the amended petition on July 5, 2017. Dkt. No. 5. In the amended petition, the petitioner claims that his Fifth, Sixth and Fourteenth Amendment rights and his constitutional due process rights were violated "when the state failed to put forth evidence of use of dangerous weapon or lack of consent to the crime of

---

[2] The petitioner indicates that the court denied the motion "without hearing." Dkt. No. 5 at 4.

4

first degree sexual assault." Id. at 6. He also asserts that the trial court violated his Fifth, Sixth, Eighth and Fourteenth amendment rights by "going against the facts of the plea entered by the petitioner and the prosecutor—also resulting in appellate counsel being ineffective." Id. at 8.

### III. Facts Underlying Conviction

The petitioner explains that he and his co-defendants robbed a drug house. Id. at 7. He says that each of his co-defendants had a pistol, but that he did not, because his co-defendants did not trust him with a gun. Id. He says that while the robbery was taking place, the victim approached him (because he was unarmed), and asked him "to have sex with her in exchange that no one in the house be harmed." Id. The petitioner says that during his plea hearing, he admitted that he was "wrong for having sex with the robbery victim during the course of the robbery," but that he told the court that the sex was consensual and that he did not use a weapon to force the victim to have sex. Id. According to the petitioner, the circuit court judge agreed with his version of the facts during the plea hearing. Id. at 9. At sentencing, however, the circuit judge stated that the victim "'may have' believed that the petitioner had control over the other robbers," and "determined that the sex was forced on the victim with the use of a dangerous weapon . . . ." Id. The petitioner argues that the trial court "went against the facts that all parties stipulated to" and gave him thirty years "based on the unsupported facts." Id.

**IV.    Motion to Hold in Abeyance**

In his motion to hold issues in abeyance, the petitioner asks the court to place all issues in abeyance because "each issue has not been fully exhausted concerning his 2005 judgment of conviction and the petitioner would like to go back to the state court's to properly exhaust all of his claims." Dkt. No. 4 at 1. In the amended petition (which the court received on the same day as the motion), the petitioner asserts that "[a]ll parties overlooked the substantial constitutional violation committed by the trial court," and that the "appellate court decision persuaded the petitioner into believing his conviction should and could not be reversed by affirming the conviction." Dkt. No. 5 at 8.

This court cannot grant *habeas* relief until a petitioner has exhausted his available state court remedies. 28 U.S.C. §2254(b)(1)(A). Generally, courts consider a claim exhausted if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006). If a petitioner presents a claim in federal court that has not been exhausted in state court, the federal court has several options—dismiss the federal case entirely; stay the federal case to let the petitioner go back to state court to exhaust his remedies; or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); see also Rhines v. Weber, 544 U.S. 269, 278 (2005). For that reason, the Supreme Court has "instructed prisoners who are unsure about whether they have properly exhausted state remedies, to file a 'protective' petition in federal court and ask the federal court to stay and abey the federal *habeas* proceedings until

6

state remedies are exhausted." Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2006) (quoting Pace v. Diguglielmo, 544 U.S. 408, 416 (2005)). "Whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." Id.

The petitioner concedes that he has not exhausted either of the claims he raised in the amended petition. Dkt. No. 4. He asks, however, for the ability to go back to state court. It is not clear what the petitioner could do in state court.

While he filed a direct appeal of his conviction, that appeal became final in 2006, when the Wisconsin Supreme Court denied his petition for review. There is nothing more for the petitioner to do in state court on his direct appeal.

The petitioner also filed a Wis. Stat. §974.06 motion in the Milwaukee County Circuit Court in 2009. The petitioner raised a number of claims in that motion; the circuit court denied those claims. The petitioner could have done something more in state court—he could have appealed the circuit court's decision. But he did not, and over eight years have passed since the circuit court made its decision.

Finally, in April 2014, the petitioner filed a Knight petition in the Wisconsin Court of Appeals. The purpose of a Knight petition is to challenge the effectiveness of a defendant's appellate counsel. See State v. Knight, 484 N.W.2d 540, 544 (Wis. 1992). The petitioner says that in the Knight petition, he raised "ineffective appellate counsel, guilty plea not knowing or voluntarily

7

entered, plea colloquy defective, prosecution and trial court failed to find factual basis for plea." Dkt. No. 5 at 5. The court of appeals denied that petition two years before the petitioner filed his federal *habeas* case, and while he could have appealed that denial, he did not.

In his motion for abeyance, the petitioner says that the court of appeals and the Wisconsin Supreme Court are in the process of sending him copies of their decisions denying his various filings. It is not clear what the petitioner believes that he can do with those decisions once he gets them. He has filed three different types of challenges to his conviction. It is not clear what other challenges are available to him in state court.

Nor has the petitioner shown good cause for failing to raise his federal claims in any of those state-court proceedings. The Seventh Circuit has echoed the Supreme Court in holding that district courts should exercise their discretion to grant stay and abeyance "only in limited circumstances." Yeoman v. Pollard, 875 F.3d 832, 837 (7th Cir. 2017) (quoting Rhines, 544 U.S. at 277). A district court "may grant a stay and abeyance only when the petitioner demonstrates good cause for failing to exhaust . . . his claims first in state court." Id. Here, the petitioner had three different opportunities to raise these issues—in his direct appeal, in the post-conviction motion and in the Knight petition. He didn't. The petitioner states that "all parties" overlooked these claims. That is not good cause for failure to exhaust remedies. Courts have held that a petitioner's lack of legal knowledge doesn't constitute good cause, "because virtually any *pro se* [petitioner] could meet that standard." Id. at 838

8

(citing Rhines, 544 U.S. at 277). He argues that the court of appeals lulled him into inaction by affirming his conviction; that does not constitute good cause, because again, anyone whose conviction was affirmed could meet that standard.

In short, the petitioner has not demonstrated that this court should exercise its discretion to stay his case and allow him return to state court to exhaust claims he could have exhausted years ago.

## V. Statute of Limitations

The court notes that even if the petitioner had exhausted his claims in state court, the one-year federal limitations period expired for each of his challenges long before he filed this federal *habeas* petition. Under 28 U.S.C. §2244(d)(1)(A), a petitioner seeking to file a federal *habeas* challenge must do so within one year of "the date on which judgment in the state case became final by the conclusion of direct review or the expiration of time for seeking such review. The "time for seeking such review" includes the ninety-day period in which petitioner could have filed an application for a writ of *certiorari* with the United States Supreme Court. Anderson v. Litscher, 281 F.3d 672, 674 (7th Cir. 2002).

The petitioner's one-year limitations period began to run on December 5, 2006—ninety days after the Wisconsin Supreme Court denied his petition for direct review, which was when the time for seeking *certiorari* in the United States Supreme Court expired. The limitations period expired one year later—

9

December 5, 2007—and the petitioner did not file his federal petition until nine and a half years later.

A properly filed application for post-conviction relief or collateral review suspends the running of that one-year period for state prisoners, 28 U.S.C. §2244(d)(2), but it does not start a new clock if the one-year period already has expired. The petitioner did not file his Wis. Stat. §974.06 motion for post-conviction relief until October 27, 2009—almost two years *after* his one-year limitations period expired. He did not file the Knight petition until six and a half years after that limitations period had expired. Neither of these filings, therefore, suspended the one-year limitations period, which means that the petitioner filed his federal petition almost ten years after the statute of limitations had expired. This means that his claims are time-barred, regardless of exhaustion.

## VI. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue a certificate of appealability if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). That means that petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The court has found that the petitioner cannot proceed on his amended petition because he did not exhaust his state court remedies, he has

10

not shown good cause for his failure to do so and his claims are time-barred. Reasonable jurists could not debate that the petitioner cannot proceed under these circumstances. The court will not issue a certificate of appealability.

## VII. Conclusion

The petitioner has no avenues of relief to pursue in state court and has not shown good cause for failing to exhaust his remedies on the claims he's raised here. Even had he exhausted his remedies, the petition would be untimely.

The court **DENIES** the petitioner's motion to hold issues in abeyance. Dkt. No. 4.

The court **DENIES** the petitioner's amended petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 5.

The court **DECLINES** to issue a certificate of appealability.

The court **DISMISSES** this case. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of February, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**